IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CORRY ROBERT STARKS,

Defendant.

4:22-CR-3087

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. The defendant has moved for a downward variance (filing 69), moved for a downward departure (filing 70), and objected to the presentence report (filing 72).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has moved for a downward variance (filing 69) based on his personal circumstances and the circumstances of the offense. *See* filing 71. The defendant has also moved for a downward departure (filing 70) pursuant to U.S.S.G. §§ 5H1.3 (mental and emotional conditions) and 5H1.11 (military service), based on some of the same circumstances. *See* filing 71.

A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). Accordingly, the Court will determine at sentencing whether a variance or departure is appropriate.

The defendant has also objected to the presentence report on two grounds. Filing 72. First, the defendant objects to the assessment of a two-level enhancement to the offense level pursuant to U.S.S.G.

- 2 -

§ 2D1.1(b)(1) for possession of a dangerous weapon. That enhancement should be applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense. *Id*., cmt. n.11(A).

When the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Thus, the government must show that (1) the weapon was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Maxwell*, 61 F.4th 549 (8th Cir. 2023). Accordingly, the Court will resolve this objection at sentencing.

Finally, the defendant objects that he should be eligible for the safety valve pursuant to U.S.S.G. § 5C1.2 and § 3553(f), and the corresponding two-level reduction to the offense level pursuant to § 2D1.1(b)(18). The Court notes that this objection is contingent on his previous objection with respect to possession of a dangerous weapon. *See* § 5C1.2(a)(2); § 3553(f)(2). But the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005). Accordingly, the Court will resolve this objection at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of July, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge