IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3087 |
| vs. | SUPPLEMENTAL TENTATIVE FINDINGS |
| CORRY ROBERT STARKS, | |
| Defendant. | |

    The defendant has proffered an additional objection to the presentence report: He objects to the assessment of a criminal history point arising out of Lancaster County Court case no. CR15-3777, described in ¶74 of the revised presentence report as: (1) Suspended License, (2) Possession of Firearms, Prohibited, and (3) Violate Speed Limit. Filing 76 at 3. He argues that each charge is excluded from his criminal history pursuant to U.S.S.G. § 4A1.2(c). Filing 76 at 3. The Court *tentatively* agrees.

    The suspended license is fairly easy: Under § 4A1.2(c)(1), it only counts if "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense[.]" The sentence there was a $50 fine, and driving on a suspended license isn't really similar to conspiracy to distribute methamphetamine. The speeding charge is even easier: "Minor traffic infractions (e.g. speeding)" are expressly excluded by § 4A1.2(c)(2).

    The stickier charge is the firearms charge, because it's not clear from the presentence report—or the defendant's objection—what the actual violation was. But the Court can make an educated guess. As noted in ¶73 of the revised presentence report, the defendant was convicted in 2013 of carrying a

concealed weapon, and fined $100. Under Nebraska law, carrying a concealed weapon is a Class I misdemeanor. Neb. Rev. Stat. § 28-1202(4). And under the Lincoln, Nebraska municipal code, it's unlawful for any person within the city limits to possess a firearm with a previous conviction for "[c]arrying concealed weapon in violation of *Neb. Rev. Stat.* § 28-1202." Lincoln, Neb., Code § 9.36.100(a) (2008). But that wouldn't bar a person from possessing a firearm under state law. *See, e.g.*, Neb. Rev. Stat. § 28-1206(1).

Accordingly, the Court's *tentative* conclusion is that the defendant's objection may have merit. But the Court can't be sure at this point, because the Court can only speculate about the actual nature of the 2015 firearms charge. And for purposes of determining criminal history, it's the government's burden to prove the fact of conviction. *United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016). Accordingly, the Court will make a final determination on this issue at sentencing.

IT IS ORDERED:

1. The defendant's motion for leave to file objection out of time (filing 76 at 1) is granted.

2. The defendant's objection (filing 76 at 3) will be taken up at sentencing.

Dated this 27th day of July, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -